1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  DARREN WILLIE,                        CASE NO. 1:07-cv-00156-AWI-SMS PC

10                      Plaintiff,        ORDER DISMISSING ORIGINAL AND
                                          AMENDED COMPLAINTS FOR FAILURE TO
11       v.                               STATE A CLAIM, WITH LEAVE TO FILE
                                          SECOND AMENDED COMPLAINT WITHIN
12  DR. VO, et al.,                       THIRTY DAYS

13                      Defendants.       (Docs. 1 and 12)
                                     /
14

15  I.    Screening Order

16        A.    Procedural History

17        Plaintiff Darren Willie ("plaintiff") is a state prisoner proceeding pro se and in forma

18  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on January

19  29, 2007, and on April 19, 2007, plaintiff filed an amended complaint.  Fed. R. Civ. P. 15(a).

20        Local Rule 15-220 requires that an amended complaint be complete in itself without

21  reference to any prior pleading.  As a general rule, an amended complaint supersedes the original

22  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

23  complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended

24  complaint, as in an original complaint, each claim and the involvement of each defendant must be

25  sufficiently alleged.

26        In this instance, the claim set forth in plaintiff's amended complaint is different than the

27  claim set forth in plaintiff's original complaint.  It appears that plaintiff intended to add a claim to

28  this action and is unaware that he must also include his original claim in his amended complaint or

1

it will be considered dropped from this action.  The court will make an exception and screen both complaints, as neither states a claim.  In his second amended complaint, plaintiff must set forth all claims he intends to pursue in this action.

       B.    <u>Screening Requirement</u>

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

       "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  <u>Swierkiewicz</u>, 534 U.S. at 512.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  <u>Id</u>. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'"  <u>Jackson v. Carey</u>, 353 F.3d 750, 755 (9th Cir. 2003) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)); <u>see also</u> <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting <u>Fontana v. Haskin</u>, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  <u>Bruns v. Nat'l</u>

1  Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d

2  266, 268 (9th Cir. 1982)).

3       C.     Plaintiff's Eighth Amendment Medical Care Claims

4       Plaintiff is an inmate housed at the California Correctional Institution, where the events at

5  issue in this action allegedly occurred.  Plaintiff names Doctor Vo, Chief Medical Officer Tate, and

6  Warden Sullivan as defendants, and plaintiff is seeking money damages and injunctive relief.  The

7  claims in this action arise from the failure to provide plaintiff with the medical care he believes he

8  needs.

9       The Civil Rights Act under which this action was filed provides:

10       Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the deprivation

11       of any rights, privileges, or immunities secured by the Constitution .
     . . shall be liable to the party injured in an action at law, suit in equity,

12       or other proper proceeding for redress.

13  42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal

14  Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)

15  (internal quotations omitted.) Section 1983 plainly requires that there be an actual connection or link

16  between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.

17  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

18  (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning

19  of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits

20  to perform an act which [that person] is legally required to do that causes the deprivation of which

21  complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v.

22  Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established

23  not only by some kind of direct, personal participation in the deprivation, but also be setting in

24  motion a series of acts by others which the actor knows or reasonably should know would cause

25  others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

26       To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

27  conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452

28  U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an

1   Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal
2   civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate
3   indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett
4   v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in
5   a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to
6   inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Deliberate indifference may
7   be manifested "when prison officials deny, delay or intentionally interfere with medical treatment,"
8   or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d
9   1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133,
10  1136 (9th Cir. 1997) (en banc).  Where a prisoner is alleging a delay in receiving medical treatment,
11  the delay must have led to further harm in order for the prisoner to make a claim of deliberate
12  indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd.
13  of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

14       In his original complaint, plaintiff alleges that he is suffering from headaches, and defendant
15  Vo has repeatedly denied him a referral to a specialist for a CAT scan to determine the source of his
16  headaches.  In his amended complaint, plaintiff alleges that he sustained a knee injury six years ago
17  while at California State Prison-Lancaster.  Surgery was performed on December 13, 2001, and
18  plaintiff was scheduled to return in ninety days so that reconstructive surgery of plaintiff's torn ACL
19  could be performed.  The surgery was cancelled because the prison was under a state of emergency.
20  Plaintiff alleges that since he has been at CCI, he started experiencing pain and stiffness.  Plaintiff
21  alleges that defendant Vo requested an MRI, which was performed on January 10, 2007, and which
22  revealed a complete tear of the anterior cruciate ligament.  Plaintiff alleges that Dr. McConnell
23  referred plaintiff to a specialist for surgery, but defendant Tate cancelled it on March 7, 2007, and
24  stated that plaintiff's medical needs are being appropriately met at CCI.

25       1.   Headaches

26       "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060.  "Under this
27  standard, the prison official must not only 'be aware of the facts from which the inference could be
28  drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"

4

1  Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the

2  risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the

3  risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

4  Further, "[a] difference of opinion between a prisoner-patient and prison medical authorities

5  regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344

6  (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of

7  treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that

8  they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v.

9  McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

10  Plaintiff's disagreement with defendant Vo's decision not to refer him to a specialist for an

11  MRI does not give rise to a claim for relief under section 1983 for violation of the Eighth

12  Amendment. Plaintiff has not alleged any facts which support a claim that defendant Vo "[knew]

13  of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer, 511 U.S. at 837.

14  Further, the complaint is devoid of any facts supporting a claim that defendant Tate or

15  defendant Sullivan acted with deliberate indifference. Under section 1983, liability may not be

16  imposed on supervisory personnel for the actions of their employees under a theory of respondeat

17  superior. When the named defendant such as Tate or Sullivan holds a supervisorial position, the

18  causal link between the defendant and the claimed constitutional violation must be specifically

19  alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438,

20  441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983

21  for supervisory liability, plaintiff must allege some facts indicating that the defendant either:

22  personally participated in the alleged deprivation of constitutional rights; knew of the violations and

23  failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy

24  'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional

25  violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor

26  v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

27  ///

28  ///

5

2.    Torn ACL

Plaintiff's claim against defendant Tate accrued when defendant cancelled his surgery on March 7, 2007.  First, plaintiff's disagreement with defendant's decision does not support a claim for relief under section 1983.

Second, pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion must occur *prior* to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and "[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth v. Churner, 532 U.S. 731, 739 n.5 (2001)).  Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth, 532 U.S. at 741.

In light of section 1997e(a), plaintiff may not add new claims to this action which arose after this action was originally filed.  In a "conflict between Federal Rule of Civil Procedure 15 and the PLRA, the rule would have to yield to the later-enacted statute to the extent of the conflict." Harris v. Garner, 216 F.3d 970, 982 (11th Cir. 2000).  Rule 15 "does not and cannot overrule a substantive requirement or restriction contained in a statute (especially a subsequently enacted one)." Id. at 983; see also Cox v. Mayer, 332 F.3d 422, 428 (6th Cir. 2003) (citing Harris for this proposition with favor).  Allowing plaintiff to pursue the claim he added in his amended complaint would allow plaintiff to thwart the mandate of section 1997e(a), which requires that claim exhaustion occur prior to filing suit and not during the pendency of the suit. McKinney, 311 F.3d at 1199-1201.

All claims at issue in this action must have been exhausted by January 29, 2007, the date plaintiff filed suit.  Therefore, in his second amended complaint, plaintiff must omit any claims not fully exhausted on or before January 29, 2007.

1      D.      Conclusion

2      Plaintiff's original and first amended complaints do not state claims upon which relief may

3  be granted under section 1983.  The court will provide plaintiff with the opportunity to file a second

4  amended complaint curing the deficiencies identified by the court in this order.

5      Plaintiff is informed he must demonstrate in his complaint how the conditions complained

6  of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d

7  227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is

8  involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

9  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S.

10 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

11 743 (9th Cir. 1978).

12     Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be

13 complete in itself without reference to any prior pleading.  As a general rule, an amended complaint

14 supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once

15 plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

16 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

17 of each defendant must be sufficiently alleged.

18     Accordingly, based on the foregoing, it is HEREBY ORDERED that:

19     1.      Plaintiff's original and first amended complaints are dismissed for failure to state

20             claims upon which relief may be granted under section 1983;

21     2.      The Clerk's Office shall send plaintiff a civil rights complaint form;

22     3.      Within **thirty (30) days** from the date of service of this order, plaintiff shall file a

23             second amended complaint; and

24 ///

25 ///

26 ///

27 ///

28 ///

1    4.    If plaintiff fails to file a second amended complaint in compliance with this order, the

2          court will recommend that this action be dismissed, with prejudice, for failure to state

3          a claim upon which relief may be granted.

4

5    IT IS SO ORDERED.

6    **Dated:    May 17, 2007**                                    **/s/ Sandra M. Snyder**
                                                          UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28